UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PIERRE DEVLIN,

                Petitioner,

   v.

GABRIELA NAJERA, *et al.*,

                Respondents.

Case No. 2:21-cv-01266-ART-DJA

ORDER

In this habeas corpus action, on May 8, 2023, Respondents filed a motion to dismiss (ECF No. 30) along with several exhibits (ECF Nos. 31, 32, 33). Respondents also filed a motion for leave to file an exhibit under seal (ECF No. 34) and the exhibit in question, their Exhibit 46, which is a presentence investigation report (ECF No. 35). Petitioner Pierre Devlin, who is represented by appointed counsel, did not respond to Respondents' motion to file Exhibit 46 under seal.

While there is a strong presumption in favor of public access to judicial filings and while courts prefer that the public retain access them, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Under Nevada law, presentence investigation reports are confidential, and are not to be made part of a public record. *See* NRS 176.156(5). The presentence investigation report filed by Respondents in this case contains sensitive confidential information that could be used for improper purposes. In view of the state law and considering the

nature of the information in the presentence investigation report, the Court finds that there is good cause for the exhibit in question to be filed under seal.

It is therefore ordered that Respondents' Motion for Leave to File Exhibit *in Camera* and Under Seal (ECF No. 34) is granted. Respondents are granted leave of court to file their Exhibit 46 under seal. As that exhibit has already been filed under seal (ECF No. 35), no further action is necessary in this regard.

It is further ordered that, pursuant to Federal Rule of Civil Procedure 25(d), Gabriela Najera is substituted for W. Hutchings as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

DATED THIS 24th day of May, 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE