UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PIERRE DEVLIN,

                              Petitioner,

          v.

RONALD OLIVER, *et al.*,

                              Respondents.

Case No. 2:21-cv-01266-ART-DJA

ORDER

## I.    SUMMARY

This habeas corpus action is brought by Pierre Devlin, an individual incarcerated at Nevada's Southern Desert Correctional Center. Devlin is represented by appointed counsel. Respondents have filed a motion to dismiss, arguing that certain of Devlin's claims are unexhausted, procedurally defaulted, and/or not cognizable in this federal habeas action. The Court will grant the motion to dismiss in part. The Court will dismiss Ground 1 and part of Ground 2 of Devlin's second amended habeas petition and will deny the motion to dismiss is all other respects. The Court will set a schedule for Respondents to file an answer responding to the remainder of Devlin's claims.

## II.    BACKGROUND

On June 16, 2016, Devlin and co-defendant Steven Burks were charged by indictment with five counts of attempted murder with the use of a deadly weapon, four counts of battery with the use of a deadly weapon resulting in substantial bodily harm, one count of assault with a deadly weapon, and six counts of discharge of a firearm from or within a structure or vehicle. (ECF No. 31-3.) The charges resulted from an altercation Devlin and Burks had with another group of people in downtown Las Vegas, in the course of which both Devlin and Burks

fired a handgun, and during which four of the five individuals in the other group were injured.

The jury trial commenced on March 27, 2017. (ECF No. 31-33.) The trial lasted nine days and concluded on April 6, 2017. (ECF Nos. 31-33, 31-35, 31-36, 31-37, 31-38, 31-40, 31-41, 31-44.) The jury rendered a verdict finding Devlin guilty of four counts of battery with the use of a deadly weapon, one count of assault with a deadly weapon, and six counts of discharge of a firearm from or within a structure or vehicle. (ECF No. 31-43.) The jury deadlocked on all counts of attempted murder with the use of a deadly weapon. (*Ibid.*) On May 9, 2017, the court sentenced Devlin to a total of 11 to 56 years in prison. ECF Nos. 31-48, 31-49.)

Devlin appealed from the judgment of conviction. The Nevada Supreme Court issued an order of limited remand directing the district court to modify Devlin's sentence and amend the judgment of conviction. (ECF No. 32-13.) The district court then amended the judgment of conviction to correct an error in the aggregate sentence, changing it from 11 to 56 years to 12 to 56 years. (ECF Nos. 32-10; 32-15 (amended judgment of conviction).) On September 12, 2019, the Nevada Supreme Court affirmed Devlin's conviction. (ECF No. 32-40.)

Devlin then filed a *pro se* petition for writ of habeas corpus in the state district court. (ECF No. 32-44.) He requested appointment of counsel and that motion was denied. (ECF No. 32-45.) The district court denied Devlin's petition in a written order filed on September 3, 2020. (ECF No. 32-49.) Devlin appealed, and the Nevada Court of Appeals affirmed on June 7, 2021. (ECF No. 33-10.)

Devlin then initiated this federal habeas corpus action by submitting a *pro se* petition for writ of habeas corpus for filing on July 2, 2021. (ECF Nos. 1, 7.) The Court appointed counsel for Devlin (ECF No. 9), and, with counsel, Devlin filed a first amended habeas petition on January 27, 2022 (ECF No. 14) and a second amended habeas petition on November 8, 2022 (ECF No. 26).

Devlin's second amended petition—the operative petition—asserts the following claims for habeas corpus relief:

> Ground 1:  The trial court violated Devlin's rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution by failing to sever his trial from that of his co-defendant, Steven Burks.
>
> Ground 2:  Devlin's rights to confrontation, due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution were violated when a juror considered evidence that was not admitted into evidence at trial.
>
> Ground 3: Devlin's trial counsel was ineffective, violating his rights to counsel and due process under the Sixth and Fourteenth Amendments of the United States Constitution.
>
>> A.  Trial counsel failed to challenge juror misconduct.
>>
>> B.  Trial counsel failed to negotiate a plea bargain.
>>
>> C.  Trial counsel elicited unfavorable testimony during the cross examination of Willy Gomez.
>>
>> D.  Trial counsel failed to request severance and mistrial after Burks's closing arguments.
>>
>> E. Trial counsel failed to prepare for Devlin's testimony.
>
> Ground 4:  Devlin's appellate counsel was ineffective for failing to challenge the sufficiency of the evidence, violating his rights to counsel and due process under the Sixth and Fourteenth Amendments of the United States Constitution.

(ECF No. 26.)

Respondents filed their motion to dismiss (ECF No. 30) on May 8, 2023. In their motion to dismiss, Respondents argue: that Ground 1 is unexhausted in state court and/or procedurally defaulted, and is not cognizable in this federal habeas action; that Ground 2 is, in part, unexhausted in state court and/or procedurally defaulted; and that Grounds 3C, 3D and 3E are unexhausted in state court and/or procedurally defaulted. Devlin filed an opposition to the motion to dismiss on May 24, 2023. (ECF No. 43.) Respondents filed a reply on June 26, 2023. (ECF No. 38.)

1    **III.**    **DISCUSSION**

2       **A.**     **Exhaustion and Procedural Default – Legal Principles**

3          A federal court generally cannot grant a state prisoner's petition for writ of
4 habeas corpus unless the petitioner has exhausted available state-court
5 remedies. 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This
6 means that a petitioner must give the state courts a fair opportunity to act on
7 each of his claims before he presents the claims in a federal habeas petition. *See*
8 *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim remains unexhausted
9 until the petitioner has given the highest available state court the opportunity to
10 consider the claim through direct appeal or state collateral review proceedings.
11 *See Casey v. Byford*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*,
12 653 F.2d 374, 376 (9th Cir. 1981). The petitioner must "present the state courts
13 with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S.
14 270, 276 (1971). A claim is not exhausted unless the petitioner has presented to
15 the state court the same operative facts and legal theory upon which his federal
16 habeas claim is based. *See Bland v. California Dept. of Corrections*, 20 F.3d 1469,
17 1473 (9th Cir. 1994). "If a petitioner fails to alert the state court to the fact that
18 he is raising a federal constitutional claim, his federal claim is unexhausted
19 regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*,
20 88 F.3d 828, 830 (9th Cir. 1997); *see also Lyons v. Crawford*, 232 F.3d 666, 670
21 (9th Cir. 2000), as modified by 247 F.3d 904 (9th Cir. 2001) ("[A] petitioner for
22 habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies
23 only if he characterized the claims he raised in state proceedings *specifically* as
24 federal claims.") (emphasis in original). "'The mere similarity between a claim of
25 state and federal error is insufficient to establish exhaustion.'" *Vang v. Nevada*,
26 329 F.3d 1069, 1075 (9th Cir. 2003) (quoting *Hiivala v. Wood*, 195 F.3d 1098,
27 1106 (9th Cir. 1999)). The use of broad phrases such as "due process" and "fair

28

trial" does not indicate assertion of a federal constitutional claim in state court. *See Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999).

The Supreme Court has recognized that in some cases it may be appropriate for a federal court to anticipate a state-law procedural bar of a claim never presented in state court, and to treat such a claim as technically exhausted but subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

In this case, the Court determines that any claims not yet presented in state court would now be procedurally barred—for example, under Nev. Rev. Stat. § 34.726 (statute of limitations) and/or § 34.810 (successive petitions)—if Devlin were to return to state court to exhaust those claims. (*See* ECF No. 26 at 12 (Devlin concedes in his second amended habeas petition, in the context of Grounds 3C, 3D and 3E, that "he cannot overcome the state procedural bars were he to raise those claims now in state court," and that "[t]he only avenue available for these claims to be heard is in this Court based on *Martinez v. Ryan*, 566 U.S. 1 (2012), which Nevada does not recognize. *See Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014)."); ECF No. 30 (Respondents, in their motion to dismiss, argue, with regard to Grounds 1, 2 (in part), 3C, 3D and 3E, that "[i]f this court were to consider these unexhausted claims it would have to apply the clearly applicable independent and adequate state bars found in Nev. Rev. Stat. 34.726, Nev. Rev. Stat. 34.800, and Nev. Rev. Stat. 34.810, and dismiss these claims."); ECF No. 37 at 4–9 (Devlin, in his opposition to the motion to dismiss, argues that Grounds 3C, 3D and 3E are technically exhausted but subject to the procedural default doctrine, and that he can show cause and prejudice to excuse the procedural defaults under *Martinez*.).) The anticipatory default doctrine applies to claims Devlin has not presented in state court, and the Court considers such

claims to be technically exhausted but subject to the procedural default doctrine. *See Dickens*, 740 F.3d at 1317.

Turning to the procedural default doctrine, a federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested—or, in the case of a technically exhausted claim, would rest—on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). The Court in *Coleman* described the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the question of prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that ineffective assistance of post-conviction counsel, or lack of post-conviction counsel, may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a

postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15. The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9.

## B.   Ground 1

In Ground 1, Devlin claims that the trial court violated his rights to due process of law and a fair trial under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution by failing to sever his trial from that of his co-defendant, Steven Burks. (ECF No. 26 at 8–10.)

Respondents argue that this claim is unexhausted in state court. (ECF No. 30 at 6–7.) Devlin, on the other hand, argues that he exhausted this claim on his direct appeal because it was asserted in his opening brief on his direct appeal. (ECF No. 26 at 8; ECF No. 37 at 3.)

In his opening brief on his direct appeal, however, Devlin asserted only that the denial of his motion to sever was an abuse of discretion; he claimed that "[t]he district court abused its discretion when it denied the Motion to Sever, despite the codefendants' mutually antagonistic defenses for which acceptance of one defense required rejection of the other." (ECF No. 32-32 at 15.) Indeed, in the first sentence of his argument on the claim in his opening brief, Devlin made clear that it was a state-law abuse-of-discretion standard he asked the court to apply: "This Court reviews a denial of a motion to sever for abuse of discretion." (*Id.* at 15 (citing *Marshall v. State*, 118 Nev. 642, 646–47, 56 P.3d 376, 379 (2002)).) Devlin did not in his opening brief mention the United States Constitution or any federal constitutional right in conjunction with his claim that his rights were violated because of his and his co-defendant's antagonistic defenses. (*See id.* at 15–22.) The Nevada state cases Devlin cited in his opening brief were cited only with reference to application of the state-law standard. (*See* ECF No. 32-32 at 15–

17.) The federal cases Devlin cited in his opening brief—*Zafiro v. United States*, 506 U.S. 534 (1993), and *United States v. Haldeman*, 559 F.2d 31, 71 (D.C.Cir. 1976)—were cited only for general propositions and without any mention of the federal constitution or his federal constitutional rights, and, at any rate, those were both federal criminal cases, in which the Supreme Court applied the federal rules of criminal procedure and did not apply federal constitutional standards.

In short, there was nothing in Devlin's opening brief on his direct appeal to indicate to the Nevada Supreme Court that Devlin intended to assert a claim that his rights to due process of law and a fair trial under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution were violated on account of the denial of his motion to sever his trial from that of his co-defendant in view of their antagonistic defenses. No such claim was fairly presented to the Nevada Supreme Court.

As is discussed above, because the claim in Ground 1 has not been asserted in state court, and because, if presented in state court now, the claim would be procedurally barred, the Court treats the claim as technically exhausted but subject to application of the procedural default doctrine. Devlin makes no argument that he can overcome the procedural default of this claim. Because this is not a claim of ineffective assistance of trial counsel, *Martinez* does not apply. Therefore, the Court will grant Respondents' motion to dismiss with respect to Ground 1 and will dismiss the claim as procedurally defaulted.

The Court does not reach Respondents' argument that the claim in Ground 1 is not cognizable in this federal habeas corpus action.

### C.     Ground 2

In Ground 2, Devlin claims that his rights to confrontation, due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution were violated when a juror considered evidence that was not admitted into evidence at trial. (ECF No. 26 at 11–12.)

Respondents argue that this claim is unexhausted in state court to the extent that Devlin claims violations of his constitutional rights to due process of law and a fair trial. (ECF No. 30 at 7–8.) Devlin argues that he exhausted those parts of Ground 2 on his direct appeal because they were asserted in his opening brief on that appeal. (ECF No. 26 at 11; ECF No. 37 at 4.)

Devlin's argument that he asserted these claims in his opening brief on his direct appeal, in its entirety, is as follows:

> In his Opening Brief on direct appeal, Devlin raised this claim by relying on *Meyer v. State*, 80 P.3d 447 (Nev. 2003). [Footnote: ECF No. 32-32 at 22–25.] In that case, the defendant specifically argued juror misconduct "denied him a fair trial." *Id.* at 457. The *Meyer* court also heavily relied on the United States Supreme Court case of *Remmer v. United States*, 347 U.S. 227 (1954), where the defendant similarly argued a deprivation of his right to a fair trial. *Id.* at 228. Thus, Devlin presented Ground 2 as a violation his right to a fair trial in addition to his right to confrontation.

(ECF No. 37 at 4.) However, a reading of the relevant portion of Devlin's opening brief on his direct appeal (ECF No. 32-32 at 22–25) reveals that, besides a passing reference to "the confrontation clause" (ECF No. 32-32 at 22), there is no mention of any other alleged federal constitutional violation. Devlin's contention in the opening brief was that the trial court abused its discretion, under Nevada state law, in not canvassing a juror regarding alleged juror misconduct. Devlin cited *Meyer* only to set forth the Nevada law; Devlin did not cite *Meyer* for any federal constitutional requirement. (*See* ECF No. 32-32 at 22–25.) There was nothing in Devlin's opening brief on his direct appeal to indicate to the Nevada Supreme Court that Devlin intended to assert claims that his federal constitutional rights to due process of law and a fair trial were violated on account of juror misconduct. No such claims were fairly presented to the Nevada Supreme Court.

Here again, as is discussed above, because these claims in Ground 2 have not been asserted in state court, and because, if presented in state court now, the claims would be procedurally barred, the Court treats these claims as technically exhausted but subject to application of the procedural default

doctrine. Devlin makes no argument that he can overcome the procedural default of these claims. Because these are not claims of ineffective assistance of trial counsel, *Martinez* does not apply. Therefore, the Court will grant Respondents' motion to dismiss with respect to Ground 2 to the extent Devlin claims violations of his federal constitutional rights to due process of law and a fair trial. Those parts of Ground 2 will be dismissed as procedurally defaulted.

### D.   Grounds 3C, 3D and 3E

In Grounds 3C, 3D and 3E, Devlin claims that his trial counsel was ineffective, violating his rights to counsel and due process under the Sixth and Fourteenth Amendments of the United States Constitution. (ECF No. 26 at 12–22.) Specifically, in Ground 3C Devlin claims that his trial counsel elicited unfavorable testimony during the cross examination of Willy Gomez. (*Id.* at 16–18.) In Ground 3D, Devlin claims that his trial counsel failed to request severance and mistrial after Burks's closing arguments. (*Id.* at 18–19.) And in Ground 3E, Devlin claims that his trial counsel failed to prepare for Devlin's testimony. (*Id.* at 19–22.)

With regard to the questions of exhaustion and procedural default of the claims in Grounds 3C, 3D and 3E, Devlin states in his second amended petition:

> Sub-claims C through E are exhausted because Devlin has no path in state court that would allow the claim to be heard. Devlin unequivocally asserts he cannot overcome the state procedural bars were he to raise these claims now in state court. He cannot avoid dismissal of these claims in state court because he cannot demonstrate cause and prejudice in that court to overcome the state procedural bars. The Nevada state courts consistently apply the procedural bars such that it is not possible that the state courts, as a discretionary matter, would consider these claims due to the procedural bars standing in Devlin's way. The only avenue available for these claims to be heard is in this Court based on *Martinez v. Ryan,* 566 U.S. 1 (2012), which Nevada does not recognize. *See Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).

(ECF No. 26 at 12–13.) Respondents agree that the claims in Grounds 3C, 3D and 3E were not asserted in state court. (ECF No. 30 at 8.) And the record reflects the same. (*See* ECF Nos. 32-32, 32-44, 33-8.)

As Devlin argues, and as is discussed above, because the claims in Grounds 3C, 3D and 3E have not been asserted in state court, and because, if presented in state court now, the claims would be procedurally barred, the Court treats these claims as technically exhausted but subject to application of the procedural default doctrine. Devlin argues, though, that he can overcome the procedural default of the claims in Grounds 3C, 3D and 3E under *Martinez*. (*See* ECF No. 26 at 12–13; ECF No. 37 at 4–9.)

The Court determines that the issues whether Devlin can overcome the procedural default of these claims under *Martinez* are intertwined with the merits of the claims, such that they will be better addressed after the parties brief the merits of the claims in Respondents' answer and Devlin's reply. The Court will, therefore, deny Respondents' motion to dismiss with respect to the claims in Grounds 3C, 3D and 3E, without prejudice to Respondents asserting the procedural default defense to those claims—along with their arguments on the merits of the claims—in their answer.

## IV.   CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 30) is granted in part and denied in part. Ground 1 of Petitioner's Second Amended Petition for Writ of Habeas Corpus (ECF No. 26) is dismissed; Ground 2 is dismissed to the extent Petitioner claims violations of his federal constitutional rights to due process of law and a fair trial. In all other respects, Respondents' Motion to Dismiss is denied.

It is further ordered that Respondents will have 60 days from the date of this order to file an answer, responding to the remaining claims in Petitioner's Second Amended Petition. In all other respects, the schedule for further proceedings set forth in the order entered October 20, 2021 (ECF No. 13) remains in effect.

1
2
3

It is further ordered that, pursuant to Federal Rule of Civil Procedure 25(d), Ronald Oliver is substituted for Gabriela Najera as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

4

DATED THIS 21st day of February 2024.

5
6
7

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28